NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000095
21-MAY-2019
09:57 AM

NO. CAAP-19-0000095

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ECKARD BRANDES, INC., Appellant-Appellee, v.
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, Appellee-Appellee,
and SCOTT FOYT, Intervenor-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 18-1-0011-01)

ORDER
DISMISSING APPELLATE COURT CASE NUMBER
CAAP-19-0000095 FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of the record in appellate court case
number CAAP-19-0000095, it appears that we lack appellate
jurisdiction over the appeal that Intervenor-Appellant Scott Foyt
(Foyt) has asserted from the Honorable James S. Kawashima's
December 19, 2018 judgment in favor of Appellant-Appellee Eckard
Brandes, Inc. (Eckard Brandes), and against Appellee-Appellee
Department of Labor and Industrial Relations (Department of Labor
and Industrial Relations) in Civil No. 18-1-0011-01, because Foyt
did not file his February 15, 2019 notice of appeal within thirty
days after entry of the December 19, 2018 judgment as
Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP)
required for a timely appeal.

We recognize that HRAP Rule 4(a)(4)(B) authorizes an
extension of time after the expiration of the initial thirty-day

time period under HRAP Rule 4(a)(1) for filing a notice of appeal if the movant can show "excusable neglect" for the delay:

> (4) Extensions of Time to File the Notice of Appeal.
>
> (A) . . . .
>
> (B) Requests for Extensions of Time After Expiration of the Prescribed Time. The court or agency appealed from, <u>upon a showing of excusable neglect,</u> may extend the time for filing the notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(3) of this rule. However, no such extension shall exceed 30 days past the prescribed time. Notice of an extension motion filed after the expiration of the prescribed time shall be given to the other parties in accordance with the rules of the court or agency appealed from.

(Emphasis added.) Hawai'i appellate courts review the granting of an extension under HRAP Rule 4(a)(4)(B) according to "the abuse of discretion standard." <u>Hall v. Hall</u>, 95 Hawai'i 318, 319, 22 P.3d 965, 966 (2001). Under such a review, "the issue before [the appellate court] is whether the trial court abused its discretion in finding that counsel's neglect in failing to timely file a notice of appeal was excusable." <u>Id.</u> at 320, 22 P.3d at 967 (citation, internal quotations marks and brackets omitted).

On February 13, 2019, the Honorable James S. Kawashima entered an order granting Foyt's January 25, 2019 post-judgment HRAP Rule 4(a)(4)(B) motion to extend the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the December 19, 2018 judgment. The February 13, 2019 order did not contain a specific extended due date for Foyt to file his notice of appeal, but it contained an express finding of "excusable neglect" for an extension of time.

The Supreme Court of Hawai'i has defined "excusable neglect" as "some mistake or inadvertence within the control of the movant[.]" <u>Enos v. Pacific Transfer & Warehouse, Inc.</u>, 80 Hawai'i 345, 352, 910 P.2d 116, 123 (1996). More specifically, the supreme court has held that, "as a matter of law, only plausible misconstruction, but not mere ignorance, of the law or rules rises to the level of excusable neglect." <u>Hall</u>, 95 Hawai'i

2

at 320, 22 P.3d at 967 (citation and internal quotation marks omitted); see also Enos, 80 Hawai'i at 355, 910 P.2d at 126 (holding that "excusable neglect" was not demonstrated by counsel's failure to read and comply with the plain language of the applicable procedural rules, and that the trial court therefore abused its discretion in granting a motion to extend time to file a notice of appeal).

With respect to the initial thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal in the instant case, the thirtieth day after entry of the December 19, 2018 judgment was Friday, January 18, 2019. Nevertheless, counsel for Foyt admitted in a declaration in support of Foyt's January 25, 2019 post-judgment HRAP Rule 4(a)(4)(B) motion to extend the deadline for filing a notice of appeal that on January 16, 2019, (i.e., two days prior to the expiration of the thirty-day time period under HRAP Rule 4(a)(1) at the end of the day on January 18, 2019) he was already speaking with opposing counsel about Foyt's intent to intent to intervene in Civil No. 18-100011-01 for the purpose of asserting an appeal from the December 19, 2018 judgment. Although Foyt had an opportunity to intervene and pursue an appeal before January 18, 2019,[1] Foyt waited to file his post-judgment HRCP Rule 24 motion to intervene until January 25, 2019, which, in turn, necessitated Foyt's January 25, 2019 post-judgment HRAP Rule 4(a)(4)(B) motion for an extension of time to file his notice of appeal. The record does not support Foyt's contention that Foyt's failure to timely intervene and timely appeal constituted "excusable neglect." In other words, Foyt and his counsel's failure to comply with the plain language of the applicable procedural rules did not constitute "excusable neglect" that would warrant an extension of time under HRAP Rule 4(a)(4)(B).

---

[1]     Presumably, Foyt could have moved to intervene earlier in the proceedings as well.

3

To the extent that the circuit court found "excusable neglect" and granted an extension of time, the circuit court abused its discretion.  Foyt did not file his February 15, 2019 notice of appeal within thirty days after entry of the December 19, 2018 judgment, as HRAP Rule 4(a)(1) required.  The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion.  Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Therefore, IT IS HEREBY ORDERED AND DECREED that this case is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, May 21, 2019.

Presiding Judge

Associate Judge

Associate Judge

4